**Kawaljit Singh TALWAR, Petitioner,**

v.

**Michael B. MUKASEY,* Attorney General, Respondent.**

**No. 05–70498.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 7, 2007.

Filed Jan. 24, 2008.

**Background:** Alien, a native of India, petitioned for review of the affirmance, by the Board of Immigration Appeals (BIA), of the denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

**Holding:** The Court of Appeals held that substantial evidence supported determination that alien was not credible.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Hardeep Singh Rai, Esq., George T. Heridis, Esq., Rai & Associates, PC, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, James T. Nelson, W. Manning Evans, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HUG, THOMAS, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Kawaljit Singh Talwar filed a petition for review of a Board of Immigration Appeals's ("BIA") order affirming the decision of an Immigration Judge ("IJ"). The IJ found Talwar was not credible and denied Talwar's application for asylum, for withholding of removal, and for relief under the Convention Against Torture.

We review the BIA's affirmance for substantial evidence. *Kaur v. Ashcroft*, 379 F.3d 876, 884 (9th Cir.2004). The BIA's affirmance must be upheld if it is supported by "reasonable, substantial and probative evidence." *Id.* (citing *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (internal quotation marks omitted)). Because the BIA adopted the IJ's decision without opinion, we review the IJ's findings to determine whether they are supported by substantial evidence. *Id.*

We conclude that the IJ's adverse credibility finding, which was adopted by the BIA, is supported by substantial evidence and deny Talwar's petition for review.

To determine whether an adverse credibility finding is supported by substantial evidence, we consider whether the IJ had a legitimate articulable basis to question the petitioner's credibility and whether the IJ offered a specific and cogent reason for the adverse credibility finding. *Id.*; *Osorio v. INS*, 99 F.3d 928, 931 (9th Cir.1996). If inconsistent statements are the basis for an adverse credibility finding, these inconsistent statements must go to the heart of the asylum claim. *Kaur*, 379 F.3d at 884.

In this case, the IJ stated,

> On cross-examination, the Service counsel challenged the respondent's testimony in several aspects, particularly whether the respondent's parents were baptized Sikhs or whether they were devout. The respondent's testimony was that his parents are Keshdhari Sikhs and that his parents are not baptized. However, in the declaration, it states, and I quote: "I used to visit the Sikh gurdwara functions along with my mother who is a baptized Sikh woman, and practiced strict Sikh codes and customs." There is a discrepancy or inconsistency in the testimony and the declaration. The respondent later went on to state that he could not remember whether his mother was baptized or not. The Court finds this to be extremely unusual for someone to be so closely related to another family member and not know whether they are practicing their religion or whether they were even baptized.
>
> The respondent was also asked on cross-examination as to whether or not

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

he had observed his father being politically active with other political party workers. The respondent testified that he did not see his father working with others, but in the declaration, he states that, "I saw my father busy with other workers of his party." The respondent was also questioned as to whether or not the organization which he was a member of (All–India Sikh Students Federation) supported other candidates for political office. The respondent testified that prior to 2001 that he was unaware that the AISSF supported political candidates; however, later, the respondent testified that, well, they supported Simranjit Singh Mann. This testimony by the respondent shows that he was not even politically active or maybe not even a Sikh.

Furthermore, the documentation in Exhibit 4 shows the respondent's ID card from the AISSF and the driver's license, but counsel for the Department of Homeland Security is correct. The signature of the respondent in the driver's license and that on the asylum application is clearly not the same. The Court finds that for the reasons stated above regarding the inconsistencies in the respondent's testimony and the declaration in the documentation at Exhibit 4 that the respondent is not credible.

We conclude that substantial evidence supports the IJ's lack of credibility finding and that the discrepancies go to the heart of Talwar's claims and we deny the petition for review.

**PETITION DENIED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.